[Civ. No. 10301.   Third Dist.   Oct. 4, 1961.]

LARRY JOHN DICKERSON, Petitioner, v. THE SUPERIOR COURT OF BUTTE COUNTY, Respondent.

Comerford, Troy & Newfield for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Richard D. Lee, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Petitioner filed in this court a petition for a writ of prohibition to order the Superior Court of Butte County to desist and refrain from further proceedings in the case of *People* v. *Dickerson,* No. 36462, in which an indictment had been returned against petitioner charging him with the crime of violation of section 192, subdivision 3(a), of the Penal Code, manslaughter in the driving of a vehicle with gross negligence. The petition set forth that petitioner had not been brought to trial within 60 days of the indictment which was in violation of section 1382 of the Penal Code, and that no good cause was shown for the delay. In the opposition to the petition the only reason given for the delay was that Dickerson was confined in the county jail of Santa Clara County during that period of time.

This court issued an alternative writ of prohibition on July 13, 1961, and a return was filed on August 15, 1961, which showed that on July 27, 1961, on the motion of the district attorney of Butte County, the superior court dismissed the indictment filed in the case of *People* v. *Dickerson,* No. 36462.

Petitioner argues that notwithstanding the dismissal of the indictment in case No. 36462 this court should restrain the superior court from proceeding against petitioner on a new indictment which has been returned. However, with the dismissal of the indictment with reference to which the alternative writ was issued the matter has become moot and the application for a writ of prohibition must be denied. (40 Cal.Jur.2d 269.) Whatever objections petitioner may have to being prosecuted under the new indictment must be urged by him in the Superior Court of Butte County, and we cannot assume that any legal rights or defenses that he may have will not be given due consideration.

The petition for writ of prohibition is denied and the alternative writ heretofore issued is discharged.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.